IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‛I

| | | |
|---|---|---|
| CAROL ANN MITCHELL, | ) | CV. NO. 07-00514 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AKAL SECURITY INC., JOHN | ) | |
| MULLEN & COMPANY, | ) | |
| INSURANCE COMPANY STATE | ) | |
| OF PENNSYLVANIA, | ) | |
| HONOLULU POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS JOHN MARTINEZ, BARBARA
AOELUA-TAPATU, CHARLES YADAO (INCORRECTLY IDENTIFIED AS
CHARLIE YAUDAO) AND LEE DONOHUE, SR.'S MOTION FOR
JUDGMENT ON THE PLEADINGS; AND ORDER GRANTING
DEFENDANTS INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA AND JOHN MULLEN & CO.'S MOTION TO DISMISS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendants' respective motions and

the supporting and opposing memoranda, the Court GRANTS Defendants John

Martinez, Barbara Aoelua-Tapatu, Charles Yadao (incorrectly identified as Charlie

Yaudao) and Lee Donohue, Sr.'s ("Akal Defendants") Motion for Judgment on the

Pleadings (Doc. # 37) and GRANTS Defendants Insurance Company of the State

of Pennsylvania and John Mullen & Co.'s ("Mullen Defendants") Motion to

Dismiss (Doc. # 36).

## BACKGROUND

According to the Complaint, on November 19, 2005, Plaintiff was

injured in an altercation with fellow Akal Security ("Akal") employee Defendant

Barbara Aoelua-Tapatu.  Plaintiff alleges that Aoelua-Tapatu (1) punched her in

the left eye, (2) hit her on the head, neck, face, left elbow, and arm with a cellular

telephone, (3) dragged her by the hair, (4) verbally harassed her, and (5) broke her

personal cellular telephone.  This attack left Plaintiff with daily headaches, neck

pain, permanent damage to her left elbow, and emotional distress.  Furthermore,

the responding Honolulu Police Department ("HPD") officer was indifferent and

did not render Plaintiff proper aid when she requested a complaint form.

Plaintiff also alleges that she was verbally abused by Defendant

Charlie Yadao, a field supervisor for Akal, in October 2005.  Yadao called Plaintiff

vulgar names and used a racial slur in reference to Plaintiff's husband.

Additionally, Yadao allegedly swore at Plaintiff on the night of the alleged assault

by Aoelua-Tapatu.

The Complaint goes on to allege that, on November 22, 2005,

Defendant John Martinez, an employee of Akal, told Plaintiff that she could have

2

her job[1] if she abstained from filing a workers' compensation claim.  Martinez supposedly informed Plaintiff that if she did not withdraw her claim, his recommendation was to terminate her employment with Akal.  During this conversation, Plaintiff claims that Martinez "used threats and discrimination and intimidation" against her.  (Complaint at 6.)[2]

On January 3, 2006, Plaintiff was terminated from her employment with Akal.  Plaintiff alleges that she did not receive her final paycheck for more than two years, until she was finally paid by the Hawai`i Department of Labor , Wage and Hour Division.

Plaintiff applied for workers' compensation benefits as a result of the injuries she sustained in the attack by Aoelua-Tapatu.  Benefits were initially denied, then granted.  Plaintiff received workers' compensation benefits until November 8, 2006, when her benefits were canceled as a result of the findings of an independent medical examination that determined that Plaintiff was capable of returning to her usual and customary work.  Plaintiff claims that she has been

---

[1] While unclear, it appears Plaintiff alleges that Martinez told her she could return to work, presumably after she was absent in the days following the alleged attack, only if she withdrew or did not file her workers' compensation claim.

[2] As the Complaint is not page numbered, the Court counts from the page immediately following the caption page.

unable to work since the attack by Aoelua-Tapatu and has not been cleared to return to work.  Finally, Plaintiff alleges that her workers' compensation benefits were regularly untimely paid by Mullen Defendants.

On October 11, 2007, Plaintiff filed a Complaint for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.  On March 24, 2008, Mullen Defendants filed the instant Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss").  On the same day, Akal Defendants filed its Motion for Judgment on the Pleadings ("Motion for Judgment").  On April 8, 2008, Mullen Defendants filed a statement of no opposition to Akal Defendants' motion and, on April 10, 2008, Akal Defendants filed a similar statement as to Mullen Defendants' motion.  On April 28, 2008, Plaintiff filed what were styled as replies to Akal Defendants and Mullen Defendants' respective motions.[3]  Akal Defendants and Mullen Defendants filed replies on April 30, 2008.

---

[3] These identical filings were titled "Pro Se Carol Ann Mitchell's Reply to Defendants Motion for Judgment Of Pleadings To Be Denied. Due To The Preponderance Of The Evidence, Pro Se Carol Ann Mitchell Claims. Pro Se's Motion To Deny Defendants Motion For Dismiss. Motion To Strike Off Record." Despite this captioning, the Court construes Plaintiff's filings as oppositions to the instant motions.

4

## STANDARD OF REVIEW

Mullen Defendants bring the instant motion pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.  Akal Defendants bring their motion pursuant to Rule 12(c) for lack of subject matter jurisdiction.

The Court has noted that "there is no controlling appellate authority regarding whether Rule 12(b)(1) or Rule 12(b)(6) governs" in a case involving the absence of a private right of action.  Hawaii Motor Sports Center v. Babbitt, 125 F. Supp. 2d 1041, 1046 n.2 (D. Haw. 2000) (examining the case involving a private right of action as one brought pursuant to Rule 12(b)(1)).  Akal Defendants assert that the Court lacks subject matter jurisdiction over this matter because Plaintiff has failed to exhaust her mandatory Title VII administrative remedies, including timely filing a charge with the Equal Employment Opportunity Commission ("EEOC").  Mullen Defendants argue that this Court does not have subject matter jurisdiction because Plaintiff's Complaint does not invoke this Court's diversity, federal question, or supplemental jurisdiction.  The Court, therefore, will address the instant claim under Rule 12(b)(1) as a motion to dismiss for lack of subject matter jurisdiction.

5

In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. Prescott v. United States, 973 F.2d 696, 701 (9th Cir. 1992).  In other words, there is a presumption against jurisdiction unless the plaintiff proves otherwise.  See Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  A Rule 12(b)(1) motion "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Id.

Because both Akal Defendants and Mullen Defendants contend that the allegations, on their face, are insufficient to invoke federal jurisdiction, regardless of the factual basis, the Court construes both parties' motions as facial attacks.  In resolving a facial attack, "the district court must accept the allegations of the complaint as true."  Mason v. Arizona, 260 F. Supp. 2d 807, 815 (D. Ariz.

6

2003).  "Unlike a Rule 12(b)(6) motion, however, the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction."  Id.  For a facial attack, the court will grant the motion "only if the plaintiff fails to allege an element necessary for subject matter jurisdiction."  Denney v. Drug Enforcement Admin., No. CIV.S-06-1711, 2007 WL 2344900, at *3 (E.D. Cal. August 15, 2007).  "A complaint will be dismissed for lack of subject matter jurisdiction (1) if the case does not 'arise under' any federal law or the United States Constitution, (2) if there is no case or controversy within the meaning of that constitutional term, or (3) if the cause is not one described by any jurisdictional statute."  Id. (citing Baker v. Carr, 369 U.S. 186, 198 (1962)).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally.  See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same).  Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448

7

(9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30

(determining that a district court retains its discretion to dismiss a pro se prisoner's

in forma pauperis complaint with or without leave to amend under the Prisoner's

Litigation Reform Act)).  "[B]efore dismissing a pro se civil rights complaint for

failure to state a claim, the district court must give the plaintiff a statement of the

complaint's deficiencies."  Id.

DISCUSSION

In addition to Plaintiff's general allegation of employment

discrimination, Plaintiff asserts the following Counts against various Defendants:[4]

(1) civil rights action under 42 U.S.C. § 1983 for failure to monitor and supervise

(against Akal Defendants); (2) civil rights action under § 1983 for wrongful

termination (against Akal Defendants); (3) negligence and deliberate actions

(against Akal Defendants and HPD); (4) negligence (against Mullen Defendants);

(5) negligence (against HPD); (6) intentional infliction of emotional distress

("IIED") (against all Defendants); (7) negligent infliction of emotional distress

---

[4] HPD is also a named Defendant.  The Court notes that Plaintiff does not include the individually-named employees of Akal in the caption of her Complaint. Plaintiff does, however, list the individuals on the second page of her Complaint. Akal Defendants' Motion for Judgment is brought on behalf of four of these ten employees.

("NIED") (against Akal Defendants and HPD); (8) negligent entrustment (against Akal Defendants and HPD); and (9) punitive damages (against all Defendants). (Complaint at 12-21.)

I. <u>Akal Defendants' Motion for Judgment</u>

Akal Defendants argue that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff fails to allege that she exhausted the requisite administrative remedies by: (1) filing a charge of discrimination with the EEOC within 180 days from the date of the alleged violation, (2) obtaining a right-to-sue letter, and (3) filing the instant law suit within 90 days of receiving the right-to-sue letter. For the reasons set forth below, the Court agrees.

For this Court to have subject matter jurisdiction over an employment discrimination claim brought under Title VII, the plaintiff must have first exhausted her administrative remedies by timely filing a charge with the EEOC and obtaining a right-to-sue letter. <u>See</u> 42 U.S.C. § 2000e-5(e); <u>Linville v. State of Hawaii</u>, 874 F. Supp. 1095, 1104 (D. Haw. 1994); <u>Greenlaw v. Garrett</u>, 59 F.3d 994, 997 (9th Cir. 1995) ("[t]o litigate a Title VII claim in federal district court, plaintiff must have exhausted her administrative remedies."). "The administrative charge requirement serves the important purposes of giving the charged party

notice of the claim and narrowing the issues for prompt adjudication and decision," and affords "the agency an opportunity to investigate the charge." Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002) (quoting B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002)) (quotation marks omitted); Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th Cir. 2003).

Here, Plaintiff asserts in her Complaint that jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(e). Yet the Complaint makes no mention of Plaintiff having filed a charge of discrimination with the EEOC nor of Plaintiff's receipt of the required right-to-sue letter. Plaintiff claims that she was wrongfully terminated from Akal on January 3, 2006. In order to satisfy the administrative requirements under Title VII, Plaintiff should have filed a complaint with the EEOC within 180 days of this date. The Court's careful review of the Complaint reveals that Plaintiff has pled no such action. Accordingly, Plaintiff has not met her initial burden of affirmatively establishing that subject matter jurisdiction exists and, as a result, her Complaint must be dismissed as to Akal Defendants. Prescott, 973 F.2d at 701.

Based on the foregoing, the Court hereby GRANTS Akal Defendants' Motion for Judgment. In light of Plaintiff's pro se status, the Court DISMISSES Plaintiff's Complaint as to Akal Defendants WITHOUT PREJUDICE. The Court

cautions Plaintiff, however, that Title VII's administrative remedies are mandatory, not optional, requirements for establishing subject matter jurisdiction in federal court.  Plaintiff should carefully consider whether she can establish that she has exhausted these administrative remedies via the methods described herein prior to re-filing her complaint against Akal Defendants.

II.  Mullen Defendants' Motion to Dismiss

Mullen Defendants contend that Plaintiff's Complaint as applied to them fails for lack of subject matter jurisdiction because Plaintiff has not established diversity jurisdiction, existence of a federal issue, or supplemental jurisdiction.  The Court agrees.

A.  Diversity Jurisdiction

District Courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and where the suit is between citizens of different states.  28 U.S.C. § 1332(a).  "[T]he federal diversity jurisdiction statute requires complete diversity between parties - there must be diversity of citizenship between every plaintiff and every defendant."  Arai v. Tachibana, 778 F. Supp. 1535, 1538 (D. Haw. 1991).

Based on her Complaint, Plaintiff is and was at all times a Hawai`i resident.  (Complaint at 3.)  Mullen Defendants ask the Court to take judicial notice

11

that HPD is a Hawai`i citizen.  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  The Court finds that taking judicial notice of HPD's Hawai`i citizenship is warranted here as it is a fact not subject to reasonable dispute.  Accordingly, Plaintiff cannot establish diversity jurisdiction because at least one instance of common citizenship exists between Plaintiff and Defendants.

     B.  Federal Question Jurisdiction

        Under 28 U.S.C. § 1331, the district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; see also Hawai`i Disability Rights Ctr. v. Cheung, 513 F. Supp. 2d 1185, 1190 (D. Haw. 2007) (quoting Williams v. United Airlines, Inc., 500 F.3d 1019, 1021-22 (9th Cir. 2007).  "That 'general federal-question jurisdiction statute is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court.'"  Id.  Thus, 28 U.S.C. § 1331 does not alone serve as a basis for federal jurisdiction, absent a federal statute creating such a right of action in federal court."  Id.

While unclear, Plaintiff initially asserts jurisdiction pursuant to 42 U.S.C. § 2000e-5.  This statute is irrelevant to Plaintiff's causes of action against Mullen Defendants because, as discussed above, this statute relates to employment discrimination.  Plaintiff was employed with Akal and there is no evidence here suggesting that Plaintiff was ever employed with Mullen Defendants.

Moreover, in Counts One and Two, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983,[5] which provides:

> Every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Thus, the essential elements to be proved in any § 1983 action are that: (1) the defendant was acting under color of state law in the actions complained of, and (2) the defendant deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States.  Briley v. State of California, 564 F.2d 849, 853 (9th Cir. 1977).  A private party may be liable under § 1983 if the party is

_____

[5] The Court notes, however, that these claims are specifically alleged against Akal Defendants only.  In an abundance of caution, however, this Court addresses the possible application of Plaintiff's § 1983 claims to Mullen Defendants for jurisdictional purposes.

13

a "willful participant in joint action with the State and its agents."  Stanley v.

Goodwin, 475 F. Supp. 2d 1026, 1037 (D. Haw. 2006) (quoting Kirtley v. Rainey,

326 F.3d 1088, 1092 (9th Cir. 2003)).

        Mullen Defendants are private entities and Plaintiff has pled no joint

action between Mullen Defendants and State officials here.  Furthermore, Plaintiff

does not specify the allegedly discriminatory actions that form the basis of her §

1983 claims, nor does she explicitly plead any discriminatory acts on the part of

Mullen Defendants.  Count Four, which is the only count that names Mullen

Defendants specifically, alleges negligence in the payment of Plaintiff's workers'

compensation benefits.  (Complaint at 15.)  This is a tort claim governed by state

law.  See Haw. Rev. Stat. Chapter 386 (Hawai`i Workers' Compensation Law); see

also Hough v. Pacific Ins., 927 P.2d 858, 860-61 (Haw. 1996) (addressing the

question of whether a worker who originally sustains an injury covered by Haw.

Rev. Stat. Chapter 386 is precluded from bringing a separate claim for damages

against the insurer where the separate claim is based on allegations of intentional

torts and bad faith).

        For these reasons, Plaintiff's claims against Mullen Defendants do not

invoke federal-question jurisdiction.

14

C.  Supplemental Jurisdiction

While not asserted in the Complaint, Plaintiff may be attempting to argue that Plaintiff's State law tort claims against Mullen Defendants are subject to this Court's supplemental jurisdiction.  In United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), the Supreme Court stated that a federal court has jurisdiction over an entire action, including state law claims, whenever the federal law claims and state law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding.  Id. at 725.  A district court may decline to exercise supplemental jurisdiction, however, if the court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).

Here, as discussed above, all claims over which this Court arguably had subject matter jurisdiction have been dismissed.  Moreover, the Complaint indicates that the allegations brought against Akal Defendants and Mullen Defendants arise from distinct factual bases.  Namely, the claims brought against Akal Defendants stem from the alleged attack by Plaintiff's co-worker and Plaintiff's subsequent termination and mistreatment by Akal.  On the other hand, the claims brought against Mullen Defendants have their basis in the cessation of Plaintiff's workers' compensation benefits.  The factual and legal events that cause

15

an insurer to have contact with an insured "are irrelevant to whether they committed torts, unrelated to the original work injury, after those contacts were made." <u>Hough</u>, 927 P.2d at 866.  The alleged harm caused by an insurer's acts during the investigation and course of payment of the claim are "distinct in time and place from the original on-the-job physical injury." <u>Id.</u> at 867.  As such, Plaintiff's claims of negligent workers' compensation handling do not share a common nucleus of operative facts with Plaintiff's federal claims.  Because all federal claims against Mullen Defendants and other parties are properly dismissed and because there is no common nucleus of operative facts, the Court declines to exert supplemental jurisdiction over Plaintiff's State law claims against Mullen Defendants.

For the reasons set forth above, this Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against Mullen Defendants and, therefore, GRANTS Mullen Defendants' Motion to Dismiss.  In light of Plaintiff's pro se status, however, Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE.  The Court reminds Plaintiff that she should heed the Court's discussion on subject matter jurisdiction prior to re-filing her Complaint against Mullen Defendants.

CONCLUSION

For the reasons stated above, the Court GRANTS Akal Defendants'
Motion for Judgment on the Pleadings and GRANTS Mullen Defendants' Motion
to Dismiss.  Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as to
both Akal Defendants and Mullen Defendants.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, May 6, 2008.



_____
David Alan Ezra
United States District Judge


Mitchell v. AKAL SECURITY INC., ET AL., CV No. 07-00514; ORDER
GRANTING DEFENDANTS JOHN MARTINEZ, BARBARA AOELUA-
TAPATU, CHARLES YADAO (INCORRECTLY IDENTIFIED AS CHARLIE
YAUDAO) AND LEE DONOHUE, SR.'S MOTION FOR JUDGMENT ON THE
PLEADINGS; AND ORDER GRANTING DEFENDANTS INSURANCE
COMPANY OF THE STATE OF PENNSYLVANIA AND JOHN MULLEN &
CO.'S MOTION TO DISMISS

17